IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41211
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT RAMOS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-265-3
--------------------
May 29, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert Ramos appeals his sentence following his guilty-plea conviction for conspiracy to possess more than 100 kilograms of marijuana with intent to distribute.  Ramos argues that the district court erred in assessing a two-point sentencing enhancement for possession of a firearm during the commission of the convicted offense.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's decision to enhance Ramos' offense level for possession of a firearm under U.S.S.G. § 2D1.1(b)(1) is a factual determination that this court reviews for clear error. See United States v. Broussard, 80 F.3d 1025, 1041 (5th Cir. 1996). "Possession of a firearm will enhance a defendant's sentence under U.S.S.G. § 2D1.1(b)(1) where a temporal and spatial relationship exists between the weapon, the drug-trafficking activity, and the defendant." United States v. Marmolejo, 105 F.3d 1213, 1216 (5th Cir. 1997). A black pickup truck containing a loaded handgun was parked in close proximity to a large quantity of marijuana at the scene of Ramos' arrest. Ramos admitted that he had previously driven this vehicle, in which a small quantity of marijuana and a map tracing a route designed to avoid immigration inspection stations were also found. There was also evidence, contained in Ramos' presentence report, that Ramos was the driver of black pickup truck. The Government thus established the requisite temporal and spatial relationship, and Ramos failed to establish that it was "clearly improbable" that the gun was connected with the offense. See United States v. Cooper, 274 F.3d 230, 246 n.8 (5th Cir. 2001).

For the foregoing reasons, Ramos' sentence is AFFIRMED.